[No. 4978.]

## ISABELLA G. HAVERSTICK ET AL. v. JOHN B. TRUDEL.

JURISDICTION OF PROBATE COURTS.—The Probate Courts have no jurisdiction to enforce a trust by compelling an administrator to convey property, by him held in trust, to the heirs of the intestate, and to account for its rents and profits. Actions to enforce such trusts must be brought in the District Courts.

MISJOINDER OF CAUSES OF ACTION.—A misjoinder of causes of action in a complaint cannot be taken advantage of, unless specially assigned by a demurrer.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

Henry Mellus died intestate, in the county of Los Angeles, on the 26th day of December, 1860, leaving as his heirs, his widow, Anita F. Mellus, and six children. One of the children, Henry Mellus, Jr., died in May, 1871. The widow was appointed administratrix of the estate, but, prior to November 30, 1861, she married the defendant Trudel, and on the last-named day the defendant became administrator. The mother, Mrs. Trudel, and the five surviving children, were the plaintiffs in this suit. The complaint averred that the deceased, at the time of his death, owned eleven hundred and forty-four of the twelve hundred shares of the capital stock of the Pacific Salt Works Company, a corporation, and that the stock came into the hands of defendant, as administrator, and that the defendant, as administrator, on the 19th day of July, 1862, commenced an action in the District Court against the other stockholders to obtain a decree dissolving the corporation, and that a judgment was rendered therein that a tract of land described in the complaint, and which had been the property of the corporation, should vest in the stockholders as tenants in common in the following proportions:

Estate of Mellus .................................... $\frac{1144}{1200}$

Joseph Blood ....................................... $\frac{5}{1200}$

Josephine Smith.................................... $\frac{1}{1200}$

James C. Welsh .................................... $\frac{50}{1200}$

That the judgment appointed three referees to sell the property of the corporation and they sold it, and at the sale the defendant, while acting as administrator, purchased the land and received a deed therefor, and also purchased the personal property of the corporation at the same sale. That a part of the money paid by defendant for the property was money in his hands, as administrator, belonging to the estate, and a part was his own money; that at the time of the purchase it was agreed between the plaintiffs and the defendant that the defendant should make the purchase for the use of the heirs. That the defendant entered into possession of the property and had enjoyed the rents and profits, and now claimed to own the property in his own right and had offered it for sale. That in February, 1875, the Probate Court had cited the defendant to render an account, and he had, on the 22d day of March, 1875, returned that he had no property in his possession belonging to the estate.

The plaintiffs appealed.

The other facts are stated in the opinion.

*McConnell, Bicknell and Rothchild,* for the Appellants, argued that the District Courts had exclusive jurisdiction of actions to enforce trusts under section 6 of Article VI of the Constitution, and cited *Caulfield* v. *Stevens,* 28 Cal. 118; *People* v. *Mier,* 24 Cal. 71; *Courtwright* v. *B. R. & A. W. & M. Co.,* 30 Cal. 577; *Bush* v. *Lindsey,* 44 Cal. 144; *Matter of the Will of Bowen,* 34 Cal. 689. They also cited 1 Story's Equity, ch. 9, secs. 530 to 589.

*Brunson & Eastman,* for the Respondent, argued that the Probate Court had full jurisdiction to grant the required relief, and cited Code of Civil Procedure, secs. 1622 to 1629, sec. 1666, and secs. 1675 to 1686; *Magraw* v. *McGlynn,* 26 Cal. 429; *Wals* v. *Walker,* 37 Cal. 431; *Curtis* v. *Sutton,* 15 Cal. 264; *Meek* v. *Hahn,* 20 Cal. 627; *Gray* v. *Palmer,* 9 Cal. 536; *Martell* v. *Martell,* 17 Texas, 391; *Baldwin* v. *Dearborn,* 21 Texas, 446.

By the Court, RHODES, J.:

The plaintiffs are the heirs at law of Henry Mellus, deceased, and the defendant is the administrator of the estate of the deceased.   The plaintiffs allege that the defendant instituted an action for the dissolution of a certain corporation, in which the estate of the deceased was largely interested; that a judgment was rendered dissolving the corporation and ordering its property to be sold; that at the sale of the property the defendant became the purchaser of the real estate, and subsequently of the personal property; that a portion of the purchase-money belonged to the estate of the deceased, and a portion to the defendant; that it was agreed and understood by and between the plaintiffs and defendant that the purchase should be made, and it was in fact made, for the benefit of the plaintiff; that the defendant took possession of the property, has received large sums of money from the use thereof, and claims to hold the property and the incomes thereof for his own sole and exclusive use; and that he has offered the same for sale as his own property.

It is also alleged that the defendant, in answer to a citation, reported to the Probate Court that he had in his possession no property of the estate of Mellus, deceased.   The plaintiffs pray that it be adjudged that the defendant hold the property in trust for them; that he be ordered to convey the same to them, and that he be ordered to render an account of the money received by him from the property, both real and personal, and there is a prayer for general relief.   The demurrer to the complaint was sustained.

One of the grounds of the demurrer is, that the District Court has no jurisdiction of the action—that the Probate Court has exclusive jurisdiction thereof.   It is provided in Section 8 of Article VI of the Constitution that "the county judges shall also hold, in their several counties, Probate Courts, and perform such duties as probate judges as may be prescribed by law."   While it may be said, generally, that the Probate Courts have jurisdiction of the estates of deceased persons, and of matters pertaining thereto, such as

the settlement of the accounts of executors and administrators, and the distribution of the property among the heirs and legatees; yet those courts, in the exercise of such jurisdiction, can proceed only in the modes prescribed by the statute. (*Bush* v. *Lindsey,* 44 Cal. 124.) There are many proceedings which relate to the estates of deceased persons of which the Probate Courts have no jurisdiction. If it becomes necessary to have a judicial determination of the right of possession, as between the executor and the heirs, or other persons, of real estate claimed by the executor to belong to the estate of the deceased, resort must be had to an action brought for that purpose—an action of ejectment, or some other appropriate action—in the District Court. And so also in respect to litigation concerning the title to personal property. Many other instances might readily be mentioned. But among all of them, there is none in which the necessity for resort to an action in the District Court is more imperative than in the case of an alleged trust in real estate. There is nothing in the Code of Civil Procedure relating to the administration of estates of deceased persons which provides for the exercise of such jurisdiction by the Probate Court; but on the other hand, such trusts are within the well-recognized jurisdiction of the District Courts as courts of equity. The District Court, therefore, in our opinion, had jurisdiction in this case to declare and enforce the alleged trust in the real estate involved in this action.

If there is a misjoinder of a cause of action in respect to the personal property purchased by the defendant—(upon which point we express no opinion)—it cannot be considered, as that ground is not stated in the demurrer.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the complaint.

Mr. Chief Justice WALLACE did not express an opinion.