[No. 6,790.—Department One.]

# ESTATE OF J. M. WOOTEN.

ESTATES OF DECEASED PERSONS—CONTEST OF WILL—APPLICATION FOR LETTERS OF ADMINISTRATION—PLEADING—PRACTICE.—Sections 1312 to 1318 of the Code of Civil Procedure apply only to proceedings in contests against the probate of wills, in which the contestant is the plaintiff and the petitioner the defendant; and do not apply to applications for letters of administration. In the latter case, the grounds of opposition to the petition, which are filed by the administrator, are nothing more than an answer, to which no replication is required.

ID.—REVOCATION OF LETTERS OF ADMINISTRATION—RIGHT TO ADMINISTRA-
    TION.—A prior right to letters of administration, under §§ 1383 and 1386 of
    the Code of Civil Procedure, may be asserted at any time against one who
    has obtained a grant of letters by virtue of a secondary right; and if the
    right be established, and the applicant is found to be competent, the letters
    of the former administrator must be revoked, and the applicant appointed,
    unless he has waived his right, and consented to the former appointment.
    So *held*, upon an application of the guardian of a minor having a prior right.
ID.—ID.—ID.—IMMATERIAL ALLEGATION.—Upon such an application, an alle-
    gation of maladministration upon the part of the administrator raises an
    immaterial issue, the cause of action of the petitioner being complete, upon
    proof of the facts required by the statute.
EVIDENCE—PRACTICE.—It is not error to reject an offer of testimony by the de-
    fendant upon an allegation in the complaint, which was denied by the
    answer, but to prove which the plaintiff had offered no testimony whatever.

APPEAL from an order revoking letters of administration and
the appointment of an administrator, and from an order denying
a new trial, in the Probate Court of the County of Stanislaus.
STONE, J.

The facts are stated in the opinion. After the decision in
Department, the appellant filed his petition that the appeal be
reheard in Bank, and the application was denied.

*Charles B. Fitzpatrick*, for Appellant.

The respondent is not one of the persons mentioned in §§ 1383
and 1386, and is, therefore, not entitled to letters under those
sections. (*Estate of Carr*, 25 Cal. 586.)

*T. A. Coldwell* and *W. O. Minor*, for Respondent.

Hiram Wooten, the respondent's ward, but for his minority,
would be entitled to have the letters of administration revoked,
and to be appointed himself; and being under age, his guardian
has the same right. (Code Civ. Proc. §§ 1386, 1368, 1365;
*Estate of Pacheco*, 23 Cal. 476.)

McKEE, J.:

On the 3rd day of July, 1881, Isaac M. Wooten, a resident of
Stanislaus County, died intestate in that county, leaving an
estate therein. There survived him, as heirs to his estate, a
widow and one child, Hiram Wooten; and also two brothers,
one of the whole-blood and another of the half-blood—all resi-

dents of the county. Letters of administration of his estate were granted to the widow, who afterwards married, and subsequently died. On the 12th day of April, 1879, Stephen C. Wooten, the brother of the half-blood, was, by consent of the brother of the whole-blood, appointed administrator *de bonis non* of the estate. He qualified, and continued to act in that capacity until the 18th of August, 1879, when the Probate Court of the county revoked his letters of administration, and granted letters to Sarah A. Adams, the guardian of Hiram Wooten, the minor child of deceased.

After the order of revocation, a motion was made for a new trial, which was denied; and from the order denying a new trial, and the order of revocation, the administrator *de bonis non* appeals, and assigns as error, that, on the trial of the issues made by the pleadings in the proceedings against him, the Court below erred:

1. In denying a motion made by him for judgment on the pleadings.

2. In failing to find upon issues made by the pleadings.

3. In ordering a revocation of his letters of administration.

The proceedings for the revocation of the letters granting to the administrator *de bonis non* were commenced by petition filed by Sarah A. Adams, as guardian of the minor child of the deceased.

Upon being served with citation, the administrator appeared, and, assuming the position of a contestant, filed what he called objections or grounds of opposition to the petition. When the matter came on for hearing, upon a day fixed for that purpose, the petitioner had not made or filed any demurrer or answer to these objections, and the administrator moved for judgment upon the pleadings, but this motion was denied.

In support of his right to judgment for want of a demurrer or answer, he relies upon *Fitzgibbons* v. *Calvert*, 39 Cal. 261; *Felch* v. *Beaudry*, 40 id. 443; *Gay* v. *Winter*, 34 id. 160; and §§ 1312 to 1318 of the Code of Civil Procedure.

These sections relate to proceedings in Probate Courts " in contests against the probate of wills." When a petition is filed for probate of a will, and any one interested in the estate appears to contest it, he is required, by the provisions of § 1312, to file

written grounds of opposition to the probate, and serve a copy of them on the petitioner and other persons interested in the estate, who must demur or answer to them, as provided in civil actions.   In such a proceeding, the position of the petitioner and the person who opposes the probate of the will is different from that of parties to an ordinary civil action—the contestant is the plaintiff and the petitioner is the defendant.   (§ 1312, Code Civ. Proc.)   But the proceeding in hand is not of that character.   The petition was in the nature of a complaint in an action in which the petitioner alleged affirmatively her right, as guardian of the minor child of the intestate, to letters of administration, against one who had been formerly appointed administrator; and the administrator, being served with process issued upon the petition, had to appear and deny or avoid the allegations of the petition.   In such a proceeding, the petitioner is the plaintiff and the administrator is defendant.   (§ 1716, Code Civ. Proc.)   The grounds of opposition to the petition, which were filed by the administrator, were, therefore, nothing more than an answer, to which no replication was required to be made.

There is no doubt, if a pleading which is necessary to be answered is sufficient in itself, and is not answered at all, or if an answer to it is filed, which admits or does not deny its material allegations, that a party is entitled to judgment upon it. (*Fitzgibbons* v. *Calvert*, *Felch* v. *Beaudry*, *Gay* v. *Winter*, *supra.*)   But the proceeding in hand was regulated by the provisions of article ii of the Code of Civil Procedure, which was made applicable to proceedings in the Probate Court, except where otherwise provided.   (§ 1713, Code Civ. Proc.)   And according to these provisions of the Code, the only pleadings allowed on the part of the defendant are: 1. The demurrer to the complaint; 2. An answer; and the only pleading allowed on the part of the plaintiff to an answer is a demurrer (§ 422, Code Civ. Proc.), unless the answer contains a cross-complaint. As no answer was required to the grounds of opposition filed as an answer to the petition, the Court did not err in denying the defendant's motion for judgment.

There was an allegation in the petition, that the administrator was consuming and frittering away the estate in idle and needless litigation.   This the defendant denied.   The plaintiff offered

no testimony in support of the allegation; and the defendant offered to prove certain facts for the purpose of showing that the allegation was not true; but the Court rejected the offer, and the defendant now claims that the Court erred in so ruling, and in not finding on the fact.

But it was not error to reject an offer of testimony by the defendant, upon an allegation in the complaint which was denied by the answer, but to prove which the plaintiff had offered no testimony whatever. Such an allegation of fact, unsustained by any testimony, is not true in law, and proof that it is not, is wholly unnecessary, and if offered may be rejected; for a court is not bound, if there is no evidence at all given in support of the affirmative of an issue, to hear evidence in support of the negative. But the alleged fact was not of itself material to the rights of the plaintiff in the proceeding; for if, by virtue of the rights which she claimed, and her fitness for the office, she was entitled to a revocation of the letters of administration which had been granted to the defendant, and to a grant of letters to herself, her cause of action was complete, even if the defendant had not been guilty of maladministration. Being an immaterial fact, unsustained by any proof on the part of the plaintiff, it was unnecessary to find it, although it was alleged on the one hand and denied on the other.

But the principal question on the merits, was the right of the petitioner to have the letters of administration *de bonis non* revoked, and to have herself appointed administratrix.

First of all, the widow was entitled to administer upon her husband's estate; next, the guardian of the minor child; and, after him, there being no father or mother, the brothers. The widow had died. The child, being under age, was not competent to serve, and at the time of the appointment of the defendant, it does not appear that the child had any guardian; but whether he had or not, as a guardian failed to appear and assert his right to letters of administration upon the estate, the Court rightfully granted letters to the defendant; but he held the same, subject thereafter to the assertion of the prior right in the guardian of the child.

A prior right to letters of administration on an estate may be asserted at any time against one who has obtained a grant of

letters by virtue of a secondary right. (§§ 1383, 1386, Code Civ. Proc.) The assertion of such right is expressly provided for by §§ 1383, 1384, and 1385 of the Code of Civil Procedure; and if the right be established, and the applicant is found to be competent, the letters of the former administrator must be revoked, and a grant of letters of administration made to the applicant (§ 1385, Code Civ. Proc.), unless he has waived his right, and consented to the former appointment. (*Estate of Keane*, decided at the present Term.)

The Court below has found all the facts necessary to entitle the plaintiff to administer upon the estate, and to a revocation of the letters of administration formerly granted to the defendant, and we see no error in the record which prejudices the defendant.

Order affirmed.

McKINSTRY, J., and ROSS, J., concurred.