[15200. Department One.—July 13, 1893.]

IN THE MATTER OF THE ESTATE OF JOHN LEVINSON, DECEASED. JAMES W. GOODWIN, ADMINISTRATOR, ETC., APPELLANT.

ESTATES OF DECEASED PERSONS—TRUST UNDER WILL—RENUNCIATION OF TRUST BY SURVIVING PARTNER—PARTIAL DISTRIBUTION—STIPULATION—RIGHTS OF LEGATEE.—Where by the terms of a will the interest of the testator in a copartnership business was given to one of his copartners in trust, to retain one half of the profits for his services during the life of the testator's mother, and out of the other half of the profits to pay her two hundred dollars per month, and that upon her death one half of the profits should be paid over to the sisters of the testator during the remainder of a term of five years, and that upon termination of the trust, a legacy of three thousand dollars should be paid to a person named, and the remainder of said partnership interest and share should be paid over to the sisters of the testator; and where it appears that the surviv-

ing partner renounced the trust, and that the mother of the testator made an arrangement with his sisters to apply for an order of partial distribution, under a stipulation providing that the legacy of three thousand dollars should be paid, and the residue of the estate distributed in equal shares between the mother and the sisters, such legatee is entitled to distribution of said sum of three thousand dollars after the expiration of a year from the date of the letters, and of the time for the presentation of claims, it appearing that all claims against the estate had been paid, and that the legacy could be paid over without loss to the creditors or to any person interested in the estate.

ID. — TIME FOR PAYMENT OF LEGACY— ESTOPPEL OF DISTRIBUTORS AND EXECUTOR. —There being no trust to carry out under the will, time does not enter into the question to be considered, respecting payments to be made after the death of the mother, except for her protection, and when she and the sisters agreed to accept an equal distribution of the residue, instead of a monthly allowance to the mother for her life, and procured an order of distribution thereof upon the faith of their consent to the immediate distribution of the legacy of three thousand dollars to the legatee thereof, neither the mother nor the sisters nor the executor can raise an objection to the distribution of such legacy that by the terms of the will it should not be paid until after the death of the mother, or until after the expiration of five years from the death of the testator.

ID. — BOND UPON PARTIAL DISTRIBUTION — DISCRETION. — The question whether a bond should be given by any one of the parties to a partial distribution is entirely within the discretion of the court.

APPEAL from an order of the Superior Court of the City and County of San Francisco, granting a partial distribution of an estate.

The facts are stated in the opinion of the court.

*Horace W. Philbrook,* for Appellant.

*A. H. Loughborough,* for Respondent.

PATERSON, J. — This is an appeal by the administrator with the will annexed from an order of partial distribution requiring the appellant to pay to Sallie Levenstone the sum of $3,000.

By the terms of the will of the decedent, his interest in the copartnership of Newman and Levinson was given to Benjamin Newman, one of his copartners, in trust, to retain one half of the annual profits for his services during the life of the testator's mother, and out of the other half of the profits to pay her $200 per month, and the surplus of the profits, if there should be any, to be left in the business of the firm as a portion of his share of the capital. The testator directed that upon the death of his mother there should be paid to Sallie Levenstone $3,000 out of the copartnership interest, and that the remainder should

be paid over to his sisters, Julia and Ada. Newman renounced the trust on July 10, 1890. The inventory filed July 16, 1890, shows that the estate consisted of wearing apparel of the decedent, gold watch and chain, diamond ring, and the interest of the testator in the partnership of Newman and Levinson. It was shown that the surviving partners refused to allow the capital of the testator to remain in the firm.

On September 18, 1891, Fannie (the mother), Julia and Ada Levinson applied for an order of partial distribution to them upon the stipulation made between themselves. This stipulation recited the fact that the provision of the will was based upon an expectation that the interest of the testator in the firm would continue, and that the profits coming to the estate from his interest in the firm would be sufficient to pay the annuity given to his mother, but that such expectation had not been realized. The petitioners had, therefore, agreed that the estate might be distributed as follows: 1. To Sallie Levenstone $3,000 and the diamond ring; 2. The residue of the estate to Fannie, Julia, and Ada Levinson in equal shares. The court found that the facts stated in the petition were true. It further found that after reserving sufficient money to pay Sallie Levenstone, and the executor's commissions, and a sum sufficient to cover all future expenses, there remained in the hands of the executor $9,000 which could be distributed without injury to the petitioners. An order was made distributing $9,000 to the petitioners without bonds.

The final account of the executor was filed December 22, 1891, showing that he had received $20,965.78, and after paying $9,000, distributed to the mother and sisters of the testator, he had in his hands the sum of $5,523.80.

Sallie Levenstone did not join in the petition of Fannie, Julia, and Ada Levinson; but after the settlement of the executor's account she made an application for distribution to her in accordance with the agreement made by the other legatees.

It is claimed that by the terms of the will the $3,000 should not be given to Sallie Levenstone until after the death of Fannie Levinson; that until that time the income thereof is to go to other persons, some of whom may be born hereafter. We think this contention is unsound. Neither the mother nor the

sisters certainly could raise such an objection after having pro-
cured an order of distribution upon the faith of their consent to
an immediate distribution of the legacy of this respondent, and
certainly the executor stands in no better position than they
would under the same circumstances.   The supposition that the
sister may marry and die leaving issue entitled to the income is
a contingency too remote to be considered.   Furthermore, the
contention assumes that under no circumstances can there be
any payment of the $3,000 legacy until after the expiration of
five years.   It is true the testator contemplated the continuance
of the trust for the term of five years, expecting that the trustee
would carry out his wishes.   This expectation has not been
fulfilled—the trust cannot be executed.   A fair construction
of the various provisions of the will, we think, supports the
view taken by the court below.   The testator's chief concern
was for the care and support of his mother during her lifetime.
If she did not survive him, it was provided that the one half of
the profits set aside for her should go to his sisters "during the
continuance of this trust."   It is expressly provided that "upon
the termination of said trust said Benjamin Newman shall
transfer . . . . the sum of $3,000 to Miss Sallie Levenstone,
. . . ; the rest and residue of said partnership interest and
share to be transferred . . . . and paid over to ; . . . Julia
and Ada Levinson."   There being no trust to carry out, time
does not enter into the question to be considered, except for the
protection of the mother; so long as she is willing to accept a
sum certain, instead of a monthly allowance of $200, and the
other legatees are willing that she should be paid that amount,
there is no ground of complaint.

The objections to the sufficiency of the petition for distribu-
tion are not well taken.   It shows that a year had elapsed from
the date of the letters; that due notice to creditors had been
published; that the time for presenting claims had expired;
that all claims had been paid; that the testator had bequeathed
to the petitioner the sum of $3,000; that Fannie, Julia, and
Ada had agreed to a distribution as above stated, and that the
legacy could be paid over to petitioner without loss to the
creditors or any person interested in the estate.   Other matters
the court properly took judicial notice of.

XCVIII. CAL.—42

The question whether a bond should be given by any of the parties to a partial distribution is one entirely within the discretion of the court below.

The order appealed from is affirmed.

GAROUTTE, J., and McFARLAND, J., concurred.