[No. 15730.    Department Two.—January 2, 1895.]

IN THE MATTER OF THE ESTATE OF CLARK W. CROCKER, DECEASED.

ESTATES OF DECEASED PERSONS—PARTIAL DISTRIBUTION—BONDS ON DIS
TRIBUTION WHEN NOT REQUIRED.—Under sections 1658 to 1663, inclusive, of the Code of Civil Procedure, after more than one year has elapsed
from the issuance of letters testamentary, and all allowed claims against
the estate have been paid, the court may order a partial distribution of
the estate to the devisees and legatees, without requiring them to give
bonds, if it reserves from distribution sufficient other property to pay
all contested claims.

ID.—SMALL INDEBTEDNESS OF ESTATE.—The words in the statute authorizing such partial distribution when the estate "is but little indebted"
are used relatively, and not absolutely, and merely refer to a condition
of things in which the debts are small when compared with the value
of the estate.

ID.—PETITION FOR DISTRIBUTION—DESIGNATION OF PETITIONERS—JOINDER
OF PARTIES. — A petition for partial distribution of the estate of a
deceased testator may be presented by several legatees and devisees,
and is not defective because it describes the petitioners as "heirs at
law." The proceeding for partial distribution is but a step in the
administration, and the court takes judicial notice that the petitioners
are devisees and legatees under the will.

APPEAL from an order of the Superior Court of the City and County of San Francisco partially distributing the estate of a deceased person.

The facts are stated in the opinion of the court.

*A. N. Drown,* and *D. M. Delmas,* for Appellants.

*Mastick, Belcher & Mastick,* for Respondents.

FITZGERALD, J.—On November 23, 1893, the heirs at law of Clark W. Crocker, deceased, who are also devisees and legatees under his last will and testament, made their application to the superior court, sitting in probate, for an order of partial distribution. In their petition they allege, among other things, the appointment of Julia A. Crocker, the surviving wife of the decedent, and one of the petitioners, as executrix of said last will and testament, and that letters testamentary were issued to her from the court on the twenty-

second day of July, 1890, which letters have never been revoked, annulled, or set aside; that there is now in the hands of said executrix the sum of thirteen thousand two hundred and thirty-two dollars and seventy-four cents ($13,232.74) in money, and certain real estate and personal property, all of which is fully set forth and described in the schedule hereunto annexed, marked schedule A, and made a part of this petition; that the estate of said deceased is but little indebted, and that the shares of petitioners in the said estate and property, excepting, however, the two parcels of land situated on Mission street in the said city and county of San Francisco, set forth and described in items fourteen and fifteen of said schedule, may be allowed to them without loss to the creditors of said estate, concluding with the usual prayer. The petition was resisted by the appellants, who, in their answer thereto, claim to be creditors and persons having claims against the deceased in his estate, but whose claim was rejected by the executrix, and an action is now pending thereon. The grounds of objection and contest to the application are:

" 1. That the estate of said decedent is largely indebted.

" 2. That the shares of said estate of the said parties so applying by said petition cannot be allowed to them without loss to the creditors of said estate.

" 3. That the legacy or share of the estate of said decedent, to which either of the parties so applying is entitled, cannot be allowed to either of the said parties so applying without loss to the creditors of the said estate.

" 4. That no part of the shares of the parties so applying can be allowed to them without loss to the creditors of said estate.

" 5. That no part of the share or portion of the estate of said decedent, to which either of the parties so applying is entitled, can be allowed to him or her without loss to the creditors of the said estate."

At the hearing the court made an order allowing and

directing a distribution of the estate of said decedent, and payment to petitioners of their legacies and distributive shares of said estate, except the real property embraced in items fourteen and fifteen of the schedule referred to in the petition, and valued at two hundred and sixteen thousand dollars, the same being withheld from distribution by the court to await the result of the action pending upon contestants' rejected claim. The court, in its said order of partial distribution, found " that the estate of said deceased is but little indebted, and that the property and estate hereinafter described may now be set apart and distributed to said heirs at law without loss to the creditors of said deceased, and that there will remain in the estate of said deceased, undistributed and in the hands of said executrix after such distribution, sufficient property to pay in full all claims against, and all creditors of, said estate, and also all expenses of administration thereof, and that it is not necessary to require a bond of or from any of said heirs at law." From this order the appeal is taken by contestants with a bill of exceptions.

It appears that the contestants are the sole heirs at law of William H. Wallace, deceased, who died intestate on the second day of October, 1881. On that day, and for many years prior thereto, he was associated with said Clark W. Crocker, deceased, and one Albert W. Sisson, also deceased, as copartners under the firm name and style of Sisson, Wallace & Company, who, as such, were engaged in carrying on a mercantile business; that said copartnership was dissolved by the death of said Wallace, and the said Sisson & Crocker thereby became, and were, the surviving partners thereof; that the claim of contestants, upon which the joint action referred to was originally brought against the said Sisson & Crocker, as surviving partners of Sisson, Wallace & Company, and now pending against their personal representatives, is based entirely upon their alleged acts, as such, in relation to the partnership business, and for an accounting, and is for the sum of one

hundred and sixty-two thousand five hundred dollars, together with interest thereon, and for their costs and disbursements in said action, amounting, in the aggregate as claimed, to about three hundred thousand dollars. It further appears that this same claim, upon which said action is now pending, was presented to the executors of the will of said Sisson, deceased, and by them rejected, and that there is now in the hands of said executors property of the estate of the value of two hundred thousand dollars, and that all claims against that estate have been paid, except the rejected claim in question.

The power of the court to make an order of partial distribution before final settlement is expressly conferred by statute. (Code Civ. Proc., c. XI, art. I, secs. 1658–63.) But it is claimed that the order appealed from is void, because it did not require that "each legatee or devisee obtaining such order should execute and deliver to the executrix a bond," etc. (Code Civ. Proc., sec. 1661.) The record shows upon its face that more than one year had elapsed from the issuance of the letters testamentary to the filing of the petition in this proceeding, "that all claims allowed have been paid," and the court finds that no injury can result to the estate by reason of such partial distribution.

The existence of these statutory conditions mentioned in section 1663 of the Code of Civil Procedure, and the proviso to the first subdivision thereof, coupled with the joint and several liability of the estates of said Sisson and Crocker for the full amount of contestants' alleged claim, and the withholding from distribution property of both estates aggregating in value the sum of four hundred and sixteen thousand dollars to await the result of the action pending thereon, show that the court properly exercised the discretion vested in it by the statute in dispensing with the requirement of a bond. (*Estate of Levinson*, 98 Cal. 654.)

The finding by the court that the estate was but little indebted is objected to by appellants upon the ground

that these words are intended to "operate only where, as a matter of fact and absolutely, the estate, no matter what its size, was but little indebted." These statutory words were intended to be used relatively, and not absolutely, and they merely refer to a "condition of things in which the debts are small when considered in connection with the value of the estate." Hence, it follows that the contention of appellants on this point cannot be sustained.

Nor is the objection well founded that the petition is defective, because it describes the petitioners as "heirs at law." This proceeding is but a step in the ordinary course of administration, and the fact that petitioners are described in the petition as heirs at law, instead of devisees and legatees under the will, is entirely immaterial, the court having judicial notice of the will at every stage of the proceeding.

The further objection to the petition that it is nugatory, because not presented by a single claimant, is equally untenable.

The remaining questions discussed by counsel, orally and in their briefs, are not necessary to be considered.

Let the order be affirmed.

DE HAVEN, J., and MCFARLAND J., concurred.