[Sac. No. 423.   Department Two.—July 7, 1898.]

In the Matter of the Estate of JOHN W. MITCHELL, Deceased.   GRACE MATHEWSON et al., Respondents, v. HENRY F. GEER et al., Executors, etc., Appellants.

ESTATES OF DECEASED PERSONS—PARTIAL DISTRIBUTION—APPEALABLE ORDER. An order of partial distribution of an estate of a deceased person, upon the petition of legatees, is an appealable order; and the executors may appeal therefrom.

ID.—DISPENSING WITH REQUIREMENT OF BOND—ERRONEOUS ORDER.—It is only in cases where the time for presenting claims has expired, and all claims allowed have been paid, or are secured by mortgage, etc., that the court is authorized to dispense with the bond required in case of partial distribution of the estate; and it is erroneous to dispense with such bond, upon a partial distribution to legatees, where it appears that unsecured claims allowed had not been paid.

ID.—PRACTICE—DISTRIBUTION TO LEGATEES—DEDUCTIONS—CONTENTS OF ORDER.—It is better practice, in making an order for partial distribution to legatees, to specify in the order the sum of money to be paid to each legatee, and the amount of the collateral inheritance tax to be deducted therefrom: and it is erroneous not to deduct therefrom payments made previously thereon by the executors, and which were admitted to have been received by the legatees.

APPEAL from an order of the Superior Court of Stanislaus County directing a partial distribution of the estate of a deceased person to legatees.   William O. Minor, Judge.

The facts are stated in the opinion.

James F. Peck, for Appellants.

Earl H. Webb, and C. A. Stonesifer, for Respondents.

SEARLS, C.—John W. Mitchell died testate November 26, 1893. By his last will he bequeathed to Grace Mathewson, Minnie Henderson, and Charles Henderson (the assignor of Ellen Wetherbee and B. Schwartz & Co.) legacies of $5,000 each, amounting in the aggregate to $15,000. The will was admitted to probate December 16, 1893, and letters testamentary issued to Henry F. Geer and George S. Bloss, the executors named therein. They duly qualified and gave notice to creditors. The decree establishing such notice was made November 21, 1895. An inventory and appraisement was filed November 21, 1895, showing the estate to be of the value of $1,364,307.55. The time for presenting claims had expired, and secured claims amounting to say $160,000, and unsecured claims amounting to $18,000, had been allowed. The respondents filed their petition for a partial distribution under section 1663 of the Code of Civil Procedure, on the seventh day of April, 1896, containing allegations which, if true, entitled them to distribution.

The executors (appellants) filed their opposition to the petition May 16, 1896, averring in substance that there is not sufficient funds on hand or readily attainable to pay the legacies, and that to pay them would embarrass the administration of the estate; that they had been unable to sell the real estate although they had tried to do so, etc.

A hearing was had May 16, 1896, after due notice to all parties in interest, and the cause was submitted and taken under advisement by the court.

On September 11, 1896, the court denied the application of the petitioners "without prejudice to making another application." Thereafter, and on the seventeenth day of December, 1896, the respondents gave notice to appellants of a motion to set aside the order of September 11th, and for a rehearing and reargument of the application for a partial distribution. This motion was based upon a stipulation between appellants and respondents executed after the submission of

the case and before its decision, viz., on May 26, 1896, whereby it was agreed that no further proceedings should be had in the application for distribution, and that the case should stand submitted and not be decided for six months from date. In consideration thereof the executors agreed to pay to each of the three respondents the sum of eleven hundred and sixty-six dollars and thirty-three and two-thirds cents on or before June 15, 1896. These several sums were paid to the respondents. This stipulation was not filed, and so far as appears was not brought to the attention of the court before its decision in the case. Upon the further hearing and argument the former order was set aside and an order or decree was entered granting the petition and ordering "the executors of said estate to pay the legatees or their assigns their respective shares of said estate under the will of said deceased, such payments to be made one-third on or before the first day of March, 1897, and the balance on or before the thirtieth day of May, 1897, with legal interest thereon, less the inheritance tax thereon." It was further ordered "that no bond be required of said petitioners on said distribution." The order is dated February 27, 1897. Appellants excepted to these rulings and prosecute this appeal therefrom. The case comes up on a bill of exceptions.

The order is an appealable one. "An appeal may be taken to the supreme court, from a superior court, in the following cases. . . . . From a judgment or order . . . . refusing or allowing, or directing the distribution or partition of an estate, or any part thereof." (Code Civ. Proc., sec. 963.)

Several points are made by appellants for reversal, only one or two of which need be noticed.

At the hearing petitioners introduced in evidence the admission of appellants that the unsecured claims against the estate were about $18,000. The order of distribution to the petitioners was for the whole legacies left them by the last will, and, as before stated, it was further ordered "that no bond be required of said petitioners on said distribution." This was error.

Section 1658 of the Code of Civil Procedure provides that at any time after the lapse of four months from the issuing of letters testamentary, etc., any devisee or legatee may apply to have the legacy or share of the estate to which he is entitled given

to him "upon his giving bonds, with security, for the payment of his proportion of the debts of the estate."

Section 1661 provides for the amount and character of the bond.

Section 1663 of the same code provides that any heir, devisee, or legatee may, at any time after the lapse of one year from the issuance of letters testamentary or of administration, apply by petition upon notice for the distribution to him of the net proceeds of the share of the estate to which he will be entitled. Before receiving his share he must give a bond as required by sections 1658 and 1661, "Provided that where the time for filing or presenting claims has expired, and all claims that have been allowed have been paid, or are secured by mortgage upon real estate sufficient to pay them, and the court is satisfied that no injury can result to the estate, the court may dispense with the bond."

The foregoing quotation shows that it is only in cases where the time for presenting claims has expired, and that all claims allowed have been paid, or are secured by mortgage, etc., that the court is authorized to dispense with the bond. It reasonably appears in the present case: 1. That the time for presenting claims had expired; 2. That $18,000 of claims were allowed which had not been paid; 3. That they were not secured by mortgage upon real estate or otherwise, and hence that the court erred in not requiring a bond.

Respondent relies upon the case of *Estate of Levinson*, 98 Cal. 654, to sustain the position that "the question as to whether a bond should be given by any of the parties to a partial distribution is entirely within the discretion of the court below." It is true the language quoted is found in the opinion in that case, but it is not in point here for the reason that there it appeared from the record that the time for presenting claims against the estate had expired, and that "all claims had been paid." The expression used by the learned judge was correct as applied to the facts of that case, but is not the law in a case like the present. (See *In re Crocker*, 105 Cal. 368; *In re Estate of Hale, ante*, p. 125.)

2. The order of the court is quite indefinite in not enunciating the sum of money to be paid to each of the legatees.

True, it refers to the will as the criterion by which to determine this question, but the will does not appear in the record. It would, to say the least, be the better practice to specify in the order the sum to be paid by the executors and the amount of the collateral inheritance tax to be deducted therefrom. Waiving this question, however, and the fact remains that there was positive error in ordering the whole of the legacies paid, as shown by the will, without deducting therefrom the sums of eleven hundred and sixty-six dollars and thirty-three and two-thirds cents paid to each of the legatees, after the original hearing and before the final hearing, and which payments were admitted on such final hearing to have been received by petitioners.

3. It was admitted at the hearing that due notice of the application was given to the executors and all persons interested.

This was sufficient to require all those interested who desired to combat the proceeding to put in an appearance, and when the order was made, and respondents desired it to be set aside, it was sufficient to give notice to the executors who had appeared through their attorneys.

The other questions raised by appellants are not of sufficient importance to call for comment.

On account of the two errors indicated, we recommend that the order appealed from be reversed, and the cause remanded for further proceedings consistent with this opinion.

Chipman, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed and the cause remanded for further proceedings.                                        McFarland, J.

HENSHAW, J., concurring.—I concur in the judgment of reversal. Upon the question of the sufficiency of the notice to confer jurisdiction to make the order in question I express no opinion.

Temple, J., concurred in the judgment.

Hearing in Bank denied.