[S. F. No. 3508.    Department One.—January 15, 1904.]

## In the Matter of the Estate of SAMUEL VANCE, Deceased. BERTHA A. SMITH, Administratrix, etc., of Eliza A. Vance, Deceased, Appellant, v. CLARA M. VANCE, Administratrix, etc., of Samuel Vance, Deceased, Respondent.

Estates of Deceased Persons—Final Account—Contest—Burden of Proof.—Upon a contest of the final account of an administratrix, where the exceptions taken to the account are affirmative, the burden of proof is upon the contestant; and the administratrix in opening her case upon the account was not required to anticipate the evidence in support of the exceptions, nor to show that the affirmative allegations therein contained were not true; and the court properly refused to disallow the account for want of proof of the falsity of such allegations.

Id.—Fraudulent Transfer by Decedent to Administratrix Personally—Attack by Creditor of Estate—Pleading.—Without deciding whether the right of an administratrix who received a gift from the decedent as his daughter can be assailed by one who claims to be a defrauded creditor of the estate of the decedent, upon the settlement of the final account of the administratrix, or whether it is the subject of an independent suit, it cannot be set aside as a fraudulent transfer in any case, without an appropriate pleading, in which the fraudulent intent is alleged as matter of fact, as being material to the right claimed to set it aside.

Id.—Construction of Proviso—Voluntary Gift by Insolvent—Rule of Evidence.—The proviso to section 3442 of the Civil Code, to the effect that any transfer made voluntarily, without a valuable consideration, while insolvent, is fraudulent and void as to existing creditors, is a rule of evidence, and not of pleading, and does not affect the rule that the fraudulent intent is a fact which must be alleged.

Id.—Validity of Transfer—Legal Title.—The transfer was valid between the parties, and if in fraud of creditors could not be considered as void in law in the absolute sense. It was effectual to transfer the legal title until there was some appropriate action by some court having jurisdiction declaring it fraudulent and void. It was not legally the property of the decedent at the time of his death.

Id.—Trust for Contesting Estate—Enforcement.—The question whether the decedent at the time of the transfer to his daughter was holding the property in question in trust for the estate represented by the contestant, and whether the daughter is chargeable with the

same trust, cannot be determined upon a contest of the final account of the daughter as administratrix of the estate of her deceased father, but can only be determined in a personal action against the daughter to enforce the trust.

APPEAL from an order of the Superior Court of Fresno County settling the final account of an administratrix. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

George B. Graham, for Appellant.

L. L. Cory, and E. E. Shepard, for Respondent.

SHAW, J.—This is an appeal from the order settling the final account of Clara M. Vance, administratrix of the estate of Samuel L. Vance, deceased.

The final account of the estate of Samuel L. Vance, deceased, as filed in the court below, showed that the administratrix had received no assets belonging to the estate, and had expended something over one thousand dollars on account of the estate. At the time of the hearing, Bertha A. Smith, as administratrix of the estate of Eliza M. Vance, deceased, filed exceptions to the final account, claiming that the estate of Eliza M. Vance was interested as a creditor in the estate of Samuel L. Vance, and that the administratrix of the latter estate had received money to the amount of $1,290.50 belonging to the estate of Samuel L. Vance, with which she had not charged herself in said account. The exceptions contained no statement of facts going to show that the money did actually belong to the estate of S. L. Vance, deceased. They are based on the bare allegations that the money had been in the possession of Clara M. Vance as administratrix ever since her appointment as administratrix, that it was still in her possession and control, and the conclusion that the said property was a part of the estate of Samuel L. Vance, deceased. Upon the hearing of the account and exceptions, the respondent introduced evidence to prove the disbursements as shown in the account, and the value of the services of the attorneys for which compensation was asked, and rested. Thereupon the appellant, Bertha A. Smith, moved

the court to disallow the account, on the ground that there had been no proof of the falsity of the facts stated in the exceptions. The court overruled this motion. The hearing proceeded, evidence was given in behalf of the contestant, subject to exception and a motion to strike out, and after the evidence of the contestant was all given, the motion to strike out was granted, and thereupon an order was made settling the final account as presented, and disallowing the exceptions.

1. The court did not err in refusing to disallow the account upon the motion of the contestant at the close of the testimony introduced by the respondent. The allegations of the exceptions are affirmative, and, so far as they related to matters of fact or to the real objections of the contestant, constituted new and affirmative matter in opposition to the account, and it was therefore incumbent upon the contestant to introduce evidence in support of these allegations, and the respondent was not required at the opening of her case to anticipate the evidence in support of the exceptions, and show that the allegations in the exceptions were not true.

2. The claim of the contestant upon the merits as disclosed by the evidence offered was to the effect that, a few weeks prior to the death of Samuel L. Vance, he had made a gift of all his property to the present administratrix of his estate, Clara M. Vance, who was his daughter; that at that time he was indebted to the estate of Eliza M. Vance, now represented by the contestant, and that the gift to his daughter was made with intent to defraud creditors; that, for that reason, the transfer was fraudulent and void as against the estate of Eliza M. Vance; and that, consequently, the administratrix of the estate of Samuel L. Vance was properly chargeable in her account with the property thus received by her from the deceased, Samuel L. Vance, in his lifetime. The respondent in opposition to this claim insists that no such issue can be tried upon the settlement of an account; that where the administratrix claims title in herself to the property in dispute, such claim cannot be settled by proceedings in probate upon the settlement of an account, but must be made the subject of an independent suit, either at law or in equity, upon issues properly framed for the purpose of de-

termining the title, citing in favor of the proposition *Ex parte Casey,* 71 Cal. 269; *Estate of Haas,* 97 Cal. 232; *Stuparich Mfg. Co.* v. *Superior Court,* 123 Cal. 290; *Heydenfeldt* v. *Jacobs,* 107 Cal. 378; *Haverstick* v. *Trudel,* 51 Cal. 431; *Smith* v. *Westerfield,* 88 Cal. 378; *Curtis* v. *Schell,* 129 Cal. 208;[1] *Ex parte Hollis,* 59 Cal. 406. These cases generally involve the question whether upon the hearing of a proceeding in probate the rights of a third person not a party to the proceeding can be adjudicated. We do not find it necessary in the decision of this case to determine whether or not in a case where, as here, the third person who claims the interest in the property is in court in her capacity as administratrix of the estate of the deceased, to whom it is alleged the property belongs, such personal right of the administratrix can be determined upon the settlement of an account. Even if it be conceded that the superior court sitting in probate might be held to have such jurisdiction, yet it must be admitted, on the other hand, that no such inquiry can or should be entered upon either by the probate court or any other court, unless the necessary allegations of fact upon which the legal title to the property depends is made in some pleading filed in the action or proceeding. The contestant here, if she had brought an independent action to have the transfer from the father to the daughter set aside as fraudulent and void, must have alleged the facts of the transaction, and also the facts showing that the transfer was fraudulent, and particularly that it was made with the intent to defraud creditors. By the provisions of section 3442 of the Civil Code the question of fraudulent intent is one of fact, and not of law, and therefore it must be made the subject of an allegation in any pleading in which the question of intent is material to the right claimed. The proviso to that section to the effect that any transfer made voluntarily, without a valuable consideration, by the party while insolvent, is fraudulent and void as to existing creditors, is a rule of evidence, and not of pleading, and does not affect the rule that the intent is a fact which must be alleged. Therefore, it follows that there is no statement of facts contained in the exceptions sufficient to show that the transfer by Samuel L. Vance to his daughter was

[1] 79 Am. St. Rep. 107.

fraudulent and void as against creditors. The transfer was valid as between the parties, and it could not be considered as void in law in the absolute sense. It was effectual to transfer the legal title until there was some appropriate action by some court having jurisdiction declaring it fraudulent and void. It was not legally at the time of his death the property of Samuel L. Vance; therefore, the evidence offered by the contestant did not support the bare allegation (or rather the recital, for there is no direct allegation) that the property belonged to the estate of Samuel L. Vance, deceased.

3. There are some allegations in the exceptions and some evidence from which it might be inferred that Samuel L. Vance, at the time he made the transfer to his daughter, was holding in trust as executor of the estate of Eliza M. Vance, deceased, the sum of money in controversy here, and that the respondent here took the transfer under such circumstances that she would hold the property subject to the same trust. Whether this be true or not is a question which cannot be considered in this case. If she did so hold the property in trust, that question could only be determined in a personal action against her to enforce the trust.

The order appealed from is affirmed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.