[Civ. No. 12827.   Second Appellate District, Division Two.—January 27, 1941.]

In the Matter of the Guardianship of the Person and Estate of ALEXANDER C. EWING, an Incompetent. HOWARD C. BROWN, Appellant, v. NETTIE FORD, Respondent.

Harmel L. Pratt for Appellant.

Ralph J. Brown for Respondent.

WOOD, J.—The respondent, Nettie Ford, was appointed guardian of the person and estate of Alexander C. Ewing and letters of guardianship were issued to her on August 14, 1935. She filed her verified account current on December 30, 1938. Exceptions to the account were filed by appellant and thereafter a hearing was held by the court and the account was approved except as hereinafter noted. The appeal is from the order approving the account.

Soon after the guardian was appointed the court at her request made an order authorizing her to expend the sum of $80 per month for the support and maintenance of the incompetent and an additional sum of $20 per month for a boy to act as his companion. Later the court made an order authorizing the guardian to expend the sum of $125 per month for the room, board and care of the incompetent. In her account the guardian claimed credit for the sum of $1159.39 in addition to the monthly allowance which had been allowed for room, board and care. This sum had been advanced by the guardian for the personal needs of the incompetent such as clothing, laundry, auto rides and barber expenses. The court approved the additional expenditures except that they were reduced to the sum of $1108.04. Appellant contends that the court erred in approving the expenditure of the last mentioned sum, asserting that it should have been included in the allowance which the court had authorized by previous order. We are satisfied that the court acted within the bounds of its legal discretion in approving the additional expenditures. In guardianship matters it is not necessary in all cases to procure a court order before an expenditure may be made. If the expenditures by the guardian were just and equitable they should be allowed notwithstanding the guardian failed to obtain an order from the court in advance. (*Estate of Clanton*, 171 Cal. 381 [153 Pac. 459].) In passing upon expenditures of guardians shown in their accounts much discretion must necessarily be reposed in the trial judge. We find nothing in the record to justify disturbing the action taken by the court.

The trial court found that ''it is not true that said incompetent at the time of the appointment of said guardian

was possessed of a considerable quantity of, or any, jewelry''. In attacking this finding appellant asserts that it is not supported by the evidence. The burden of proof was upon appellant to establish that the incompetent possessed jewelry which should have been included in the inventory. (*Estate of Vance*, 141 Cal. 624 [75 Pac. 323].) Since appellant did not present such proof the court properly made the finding in question.

Complaint is made that the guardian did not present vouchers for some of the items in excess of $20 in the account of the additional expenditures above referred to. The omission to present these vouchers does not call for the reversal of the order. The point in question was before the court for consideration in *In re Forthmann*, 118 Cal. App. 332 [5 Pac. (2d) 472], and it was there held that the presentation of vouchers was not necessary for the approval of a guardianship account. In that case the code section involved was section 1789 of the Code of Civil Procedure, which provided that ''all proceedings by guardians concerning sales of property of their wards . . . accounting and settlement of accounts, must be had and made as required by the provisions of this title concerning estates of decedents, unless otherwise specifically provided in this chapter . . . ''. The nearest counterpart to section 1789 of the Code of Civil Procedure is section 1534 of the Probate Code. It is to be noted that the words ''accounting and settlement of accounts'' were omitted when section 1534 of the Probate Code was adopted. We find no requirement for the presentation of vouchers by guardians in the provisions of the Probate Code or under the code sections in force before its adoption.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.