[Civ. No. 22503. Second Dist., Div. Two. Sept. 18, 1959.]

Estate of ALFRED EDWARDS, Deceased. ALFRED R.
EDWARDS, Appellant, v. ELIZABETH EDWARDS
JONES et al., Respondents.

Nathan Newby, Jr., for Appellant.

Lillick, Geary, Wheat, Adams & Charles, Allan E. Charles, Robert R. Vayssie, Price, Postel & Parma, Francis Price, Jr., H. Clarke Gaines and Lilian M. Fish for Respondents.

ASHBURN, J.—Appeal from order distributing to one of the beneficiaries a portion of the corpus of a testamentary trust created by the will of Alfred Edwards, deceased.

The trust was created for the benefit of the surviving wife, Mabel, as to one-half of the residue of decedent's estate and for each of the four children—Alfred R. Edwards, Elizabeth Edwards Jones, John B. Edwards and Richmond A. Edwards —as to one-eighth thereof. It further provided (as interpreted by the decree of distribution) that said respective shares should be held in a spendthrift trust for each of the beneficiaries during his or her lifetime; upon death of the wife Mabel, her half to go in equal shares to said children and to the children of any deceased child *per stirpes*; upon the death of each child his or her share to go as appointed in his or her will or in case of intestacy to go to the then surviving issue of said deceased child as if he or she had died seized of the property constituting said share.

The interest of the son Alfred R. Edwards was under scrutiny in *County Nat. Bank etc. Co.* v. *Sheppard,* 136 Cal. App.2d 205 [288 P.2d 880], the question being the right of the trustee to collect, through retention of a part of the corpus when the time came for distribution of Mabel's share upon her death, a judgment debt owing by Alfred and created in favor of the trustor during his lifetime. In the process of upholding the claim of the trustee that it had a right so to do, this court analyzed the trust and held (at p. 216) that a spendthrift trust was created with respect to all payments of income for the duration of the lives of the respective beneficiaries but that after her death the corpus representing Mabel's share was not subject to any such restraint. "It is patent that the testator's solicitude was simply to provide a uniform life income to the beneficiaries. He saw no necessity to impress with any restraints a part of the principal whose distribution to them would in no way affect their continued

receipt of the same proportionate share of income from the balance of the trust. . . . (1) Richmond and Alfred at all times had and have a present right to their share of the trust income protected by spendthrift provisions; (2) that they had a future right to a share in one-half of the principal, contingent upon their surviving Mabel; (3) that upon Mabel's death, they had an immediate right to their share of the trust assets released for distribution untrammelled by any spendthrift provisions, except for the effect of the assignments they executed and the asserted right of retainer by plaintiff.'' (P. 217.) We accept this as a correct interpretation of the instant trust.

The widow, Mabel, died on November 4, 1949. On the next day the trustee exercised the right of retainer and set off, thus satisfying judgment debts owing to the trustor during his lifetime in the following respective amounts: Alfred $63,270.12, Richmond $17,622.81, John (and wife Sallie) $15,962.41 (see p. 209 of 136 Cal.App.2d). The daughter, Elizabeth Edwards Jones, filed on December 2, 1955 (a few days after the affirmance of the Sheppard case, *supra*), a petition for distribution to her of the share of the trust which vested in her upon the death of her mother, Mabel. Her brother, Alfred, appellant herein, appeared, filing an answer and objections to Elizabeth's petition. Byron L. Sheppard, assignee of Richmond Edwards, joined in Alfred's answer and objections which alleged in part: ''8. That objections to said [trustee's] first account were filed by all of the beneficiaries. 9. That at the hearing on said objections, Elizabeth Edwards Jones, petitioner herein, testified that her father (Alfred Edwards, deceased) paid all of her bills for living expenses during the period from 1920 to his death in December of 1926 and that after the death of her father the estate paid some of her bills. 10. That respondent is informed and believes and so alleges the fact to be that ever since the death of her father the estate paid the living expenses of petitioner until sometime in 1932. That said sums paid by the estate aggregate in excess of $7,200. That said sums were paid out in small amounts over the period of years by the executor, the first trustee and the present trustee. That the actual amounts and the dates of payment are within the sole knowledge of the petitioner and the Security First National Bank and the trustee and cannot be ascertained without an accounting by this trustee and inspection of the records of the Security First National Bank. . . . 15. That if peti-

tioner is charged with the sums due the estate from her the amount realized by respondent would be increased pro tanto.''[1]

The petition was granted by an order of July 20, 1956, reciting that the order had been made in open court on April 9, 1956; it specifically grants the petition and finds ''that all the allegations of said petition are true and correct and that certain securities in the possession of County National Bank and Trust Company of Santa Barbara, as successor trustee under the Will of Alfred Edwards, may be distributed to petitioner Elizabeth Edwards Jones without endangering the trust estate''; certain specifically described securities are distributed to Elizabeth, the petitioner. From this order the instant appeal is taken.

Respondents rely upon the orders settling 19 accounts current of the successor trustee as res judicata. ■ They invoke the doctrine that an order settling a testamentary trustee's account becomes a conclusive judgment in favor of the trustee (*Security-First Nat. Bank* v. *Superior Court,* 1 Cal.2d 749 [37 P.2d 69]). But the rule is limited to issues actually or potentially arising between the trustee on the one hand, and beneficiaries on the other. ■ A trustee's accounting protects it as to the propriety of disbursements of trust funds but it does not determine whether a given payment should have been made to the life tenant as income or whether the remainderman was entitled to it as corpus. Upon the trustee's accounting no such implied issue arises between it and the beneficiaries nor does it exist between different sets of beneficiaries. (*Estate of Hill,* 149 Cal.App.2d 779, 784-786 [309 P.2d 39]; *Estate of de Laveaga,* 50 Cal.2d 480, 486-487 [326 P.2d 129]; *Estate of Eilert,* 131 Cal.App. 409, 414-415 [21 P.2d 630]; *Estate of Roberts,* 27 Cal.2d 70, 79 [162 P.2d 461]; *Estate of Blake,* 157 Cal. 448, 457 [108 P. 287]; *Willson* v. *Security-First Nat. Bank,* 21 Cal.2d 705, 713 [134 P.2d 800].)

■ Respondents do not point to any place in the record where an issue was raised as to alleged overpayments to Elizabeth. Nor has appellant shown how the $7,200 is made up. We have not undertaken the accounting task involved in this factual inquiry. That duty does not rest on us. We hold that the orders settling the trustee's accounts current

[1]Security First National Bank was executor and original trustee; it served from May 16, 1930 to July 3, 1930, when it was succeeded as trustee by respondent County National Bank and Trust Company of Santa Barbara.

are not res judicata of the issues raised by the objections to Elizabeth's petition for distribution.

So far as we are able to ascertain from the record before us the case of *County Nat. Bank etc. Co.* v. *Sheppard, supra,* 136 Cal.App.2d 205, was one seeking declaratory relief upon the subject of the trustee's right to retain funds otherwise payable to a beneficiary who was indebted to the testator-trustor at the time of his death, i.e., to retain and apply such funds to payment of said indebtedness. This question was answered affirmatively by the trial court and this court on appeal. The question of the $7,200 alleged to have been overpaid to Elizabeth was not in that case and certainly not adjudged therein. That judgment affords basis for no plea of res judicata in the case now before us and, indeed, no one seems to advance that argument seriously.

Appellant claims that the order now on appeal is infected by procedural errors which are of sufficient substantiality to cause a reversal.

It is said that Elizabeth's petition, Alfred's objections thereto and the trustee's 19th account current were set for hearing on January 9, 1956, but no testimony was taken and those matters were ordered submitted on briefs. In support of this claim reference is made to pages 461-462 of the clerk's transcript. That document discloses that pages 454 to 465 are not part of the settled transcript, that it stops with the certificate of the judge on page 453, which says the transcript consists of 452 pages, which pages are settled as the record in the case. Page 466 of the document is an affidavit made by the official court reporter, saying that he has no shorthand notes of any proceedings in this case had on April 9, 1956; that the probate calendar was handled in April, 1956, by Judge Wagner, not Judge Westwick; that contested probate matters are not reported unless the lawyers in attendance make specific arrangements with the reporter to do so. Reference made by counsel to any of pages 454-465 will therefore be ignored upon the theory that they are not a part of the transcript.

The order granting Elizabeth's petition (now on appeal) was made on July 20, 1956, as of April 9, 1956, by Judge Westwick. It recites the appearances, shows Mr. Newby as appearing for Byron L. Sheppard but not appellant Alfred R. Edwards, states "no other party appearing in person or by counsel" and further says, "and proof having been made to the satisfaction of the court, the court finds that notice

of the hearing has been regularly given in the manner and for the period required by law. The court finds that all the allegations of said petition are true and correct and that certain securities in the possession of County National Bank and Trust Company of Santa Barbara, as successor trustee under the Will of Alfred Edwards, may be distributed to petitioner Elizabeth Edwards Jones without endangering the trust estate." This recital of due notice is buttressed by a presumption of that fact. (*Huron College* v. *Yetter*, 78 Cal. App.2d 145, 149-150 [177 P.2d 367]; *Estate of Green*, 138 Cal. App.2d 211, 214 [292 P.2d 651].)

The finding that all the allegations of the petition are true does not necessarily require testimonial support,—even assuming, as asserted, that the matter was submitted on briefs. Nineteen accounts of the substituted trustee had been presented for approval of the court and all but one had been settled. Perusal of the first one shows that it purports to set forth all payments made to each beneficiary during the accounting period; contains as Exhibit D a complicated "computation showing distributable income with reference to each beneficiary"; subsequent reports and accounts disclose amounts disbursed to the respective beneficiaries and that they vary in amounts. ■ It is the duty of an appellant who claims insufficiency of the evidence, as here, "to demonstrate that there is no substantial evidence to support the challenged findings" (*Nichols* v. *Mitchell*, 32 Cal.2d 598, 600 [197 P.2d 550]). ■ Of course, judicial notice is a form of evidence and it extends to all proceedings in the same case, in probate as well as other proceedings (*In re Crocker*, 105 Cal. 368, 372 [38 P. 954]; *Estate of Kearns*, 129 Cal.App. 2d 832, 837 [278 P.2d 85]). ■ Taking such notice of prior proceedings in this estate matter, the trial judge well may have deduced from the approved accounts the conclusion that there had been no excessive payment of $7,200 or any other sum to Elizabeth. As previously stated, we have not been furnished the items that enter into the $7,200 nor have we undertaken that accounting task.

Appellant had notice and actual knowledge of the time for the hearing and he stayed away. The court order so shows and his claim of a telegram to the judge requesting a continuance confirms the fact. He should have appeared and presented his supporting evidence. He argues that the burden of proof or the burden of going forward did not rest on him. With this we cannot agree.

His sister, Elizabeth, filed on December 2, 1955, her petition for distribution to her of the share of the trust which had vested in her upon the death of her mother; the petition alleged the successful termination of the litigation brought by the trustee to establish its right to retain trust money and to apply it to the existing judgments against Richmond, Alfred and John; alleged that six years had gone by since her mother's death; "[t]hat said trustee can, with complete safety to itself and without injury to any persons interested in said trust, make an immediate distribution of a substantial portion of the interest to which petitioner is entitled and has been entitled since November 4, 1949, after making any appropriate allowance for its costs of litigation, including attorneys' fees and of other contingencies." The prayer sought distribution of her share of her mother's half of the trust; "further prays that if the facts bear out the contention of the trustee that it cannot safely distribute to petitioner her full share, as aforesaid, less an allowance for expenses, at the present time, that this Court direct said trustee to make distribution of such portion of the trust estate to which petitioner is now entitled as the Court finds may be distributed to her without injury to the trustee or to any other persons interested in said trust." On January 3, 1956, Alfred interposed his "Answer and Objections" containing certain denials and affirmatively alleging, as above shown, that Elizabeth had been paid $7,200 in excess of her legitimate share of the trust income; that the trustee was obligated to exercise its right of retainer and thereby collect said sum; that if petitioner were charged with the amounts due her "she would not be entitled to a distribution in kind and the Edwards Estate Company stock would first have to be valued. That if petitioner is charged with the sums due the estate from her the amount realized by respondent would be increased pro tanto." The prayer was for denial of the petition for distribution, an order requiring the trustee to exercise its right of retention and offset against Elizabeth, etc. Upon the day appointed for hearing, April 9, 1956, Alfred (appellant) defaulted; the recitals of the order so show. Appellant's opening brief blithely says: "The formal order of April 9, 1956, however, makes no mention of Alfred Edwards though it does mention Richmond Edwards. It will be assumed that the order meant Alfred Edwards, appellant herein." Precedent permits no such ex parte alteration of the record.

The clerk's minutes of April 9, 1956, are not before us, but the judge's order made as of that date recites "proof

having been made to the satisfaction of the court'' and further says, ''[t]he court finds that all the allegations of said petition are true and correct''; also ''that the objections to the aforesaid petition be and the same is hereby overruled.'' There is nothing in this to support an inference that the court proceeded without evidence. Perhaps there was no testimony taken but the first 18 accounts and orders settling same probably furnished all the evidence necessary to a determination of the issue. It must be so presumed upon this appeal.

▆▆▆ Without citation of authority appellant argues that the burden of proof was on Elizabeth and that his allegations of excessive payments to her stand admitted because she has filed nothing in the way of a replication to his answer and objections. The law is to the contrary.

Section 1233, Probate Code provides: ''Except as otherwise provided by this code or by rules adopted by the Judicial Council, the provisions of Part 2 of the Code of Civil Procedure are applicable to and constitute the rules of practice in the proceedings mentioned in this code with regard to trials, new trials, appeals, and all other matters of procedure.'' This case does not fall within the exception. The affirmative matter in appellant's answer does not require a further responsive pleading nor does the burden rest upon petitioner to disprove, in advance of objector's proof, those affirmative allegations of his answer. *Estate of Vance*, 141 Cal. 624, deals with the final account of an administratrix. At page 626 [75 P. 323] : ''The court did not err in refusing to disallow the account upon the motion of the contestant at the close of the testimony introduced by the respondent. The allegations of the exceptions are affirmative, and, so far as they related to matters of fact or to the real objections of the contestant, constituted new and affirmative matter in opposition to the account, and it was therefore incumbent upon the contestant to introduce evidence in support of these allegations, and the respondent was not required at the opening of her case to anticipate the evidence in support of the exceptions, and show that the allegations in the exceptions were not true.'' *Tustin Pkg. Co.* v. *Pacific Coast etc. Co.*, 21 Cal.App. 274, 275 [131 P. 338] : ''Moreover, the affirmative matter pleaded by way of defense is, under our system of pleading, deemed to be denied, and hence, in the absence of proof, must be deemed untrue.'' See also *Estate of Kirkpatrick*, 109 Cal.App.2d 709, 713 [241 P.2d 555] ; *Estate of Wooten*, 56 Cal. 322, 325.

We cannot say, upon this record, that there was no evidence to support the court's findings concerning distribution to Elizabeth nor can we say that her case failed because she did not sustain the burden of proof, which was not hers.

Without citation of supporting authorities required by the Rules on Appeal (4 Cal.Jur.2d § 484, p. 318), appellant argues certain other points, such as an alleged obligation of Judge Westwick to disqualify himself, but we find them to be without support in fact or in the pertinent authorities, hence we consider them no further.

The order now on appeal distributing certain trust assets to Elizabeth Edwards Jones is affirmed.

Fox, P. J., and Herndon, J., concurred.